IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEE ARNETTE,

    Petitioner,                   No. CIV 2:10-cv-2407-JFM (HC)

    vs.

MARTY C. ANDERSON,              ORDER AND

    Respondent.               FINDINGS & RECOMMENDATIONS

                        /

        Pending before the court is respondent's December 28, 2011 motion to dismiss. On February 7, 2012, petitioner was ordered to show cause why the motion to dismiss should not be granted. Petitioner has not responded to the court order.

        On November 19, 2009, petitioner pled "Not Guilty By Reason of Insanity" to a single charge of bank robbery. Pet. at 2. In the pending petition, petitioner does not challenge the validity of his plea; he only challenges his continued detention. Respondent now seeks dismissal of the petition on the ground that, on August 17, 2011, petitioner was released from federal custody. In support, respondent submits a computer printout from the Federal Bureau of Prisons' Inmate Locator website[1], which denotes petitioner's custody status as "Released." See Motion to Dismiss, Ex. 1.

---

[1] The Internet address for this website is http://www.bop.gov/iloc2/LocateInmate.jsp.

1

1    Under Article III of the United States Constitution, federal jurisdiction is limited
2 to actual, ongoing "cases" or "controversies." U.S. Const. Art. III, § 2, cl. 1; see also Spencer v.
3 Kemna, 523 U.S. 1, 7 (1998).  A claim is moot when "the issues presented are no longer live"
4 and there exists no "present controversy as to which effective relief can be granted." Outdoor
5 Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007) (quoting Vill. of
6 Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir. 1993)).  To maintain a claim, a litigant must
7 continue to have a personal stake in all stages of the judicial proceeding.  Abdala v. INS, 488
8 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).

9    The purpose of a writ of habeas corpus "is to secure immediate release from
10 illegal physical custody." Picrin–Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).  The only
11 power the court has to effectuate relief in a habeas petition is "the power to release" the
12 petitioner from incarceration. Id. (internal citation omitted).  When a petitioner is released from
13 the custody of which he complains, there is no further relief a habeas court can grant and the
14 habeas petition is moot. Picrin–Person, 930 F.2d at 776.  Here, because petitioner was released
15 from custody in August 2011, this court can provide no further redress.  As such, the petition is
16 moot and respondent's motion should be granted.

17    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign
18 a district judge to this case; and

19    IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be
20 granted and the petition for writ of habeas corpus be dismissed.

21    These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
23 days after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
26 shall be served and filed within fourteen days after service of the objections.  The parties are

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: March 22, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;arne2407.mtd